```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION
```

JERRY SMITH, et al.,            )
                                )
    Plaintiffs,                 )
                                )
      v.                        )     NO. 3:08-0549
                                )     Judge Trauger/Bryant
MPIRE HOLDINGS, LLC., et al.,   )     **Jury Demand**
                                )
    Defendants.                 )

**TO: The Honorable Aleta A. Trauger**

## REPORT AND RECOMMENDATION

Plaintiffs have filed their "Motion for Preliminary Injunction Freezing Assets of Defendants MPIRE Holdings, The Momentum Group, Greg Manuel, Mark Manuel, and Mike Manuel and Order for Accounting." (Docket Entry No. 18). Defendants have not responded in opposition.

The undersigned Magistrate Judge conducted a hearing on plaintiffs' motion on February 25, 2009. Defendants did not appear or participate in this hearing.

On March 6, 2009, plaintiff filed a supplemental brief in support of their motion for preliminary injunction and substantially similar affidavits of Gerald Samuel Smith and Deborah White Smith, accompanied by numerous documentary exhibits. This affidavit testimony by plaintiffs was offered to supplement, and in some instances clarify, their prior testimony (Docket Entry No. 29).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that plaintiffs' motion for preliminary injunction be **DENIED**.

### Statement of the Case

Plaintiffs Jerry Smith and Deborah Smith have filed their verified complaint (Docket Entry No. 1) against defendants MPIRE Holdings, LLC, MRT, LLC (a/k/a MRT Holdings), The Momentum Group, Mark Manuel, Greg Manuel, Mike Manuel and James Clements. Mr. and Mrs. Smith allege that defendants fraudulently induced them to invest $200,000 in a bogus investment scheme through false promises and misrepresentations. Plaintiffs claim that defendants have failed to pay the promised interest on their investment and have failed and refused to repay the bulk of the $200,000 principal invested as agreed. Plaintiffs assert causes of action for violations of federal and state securities statutes, common law fraud, breach of fiduciary duty and breach of contract. (Docket Entry No. 1).

Defendants Mark Manuel, Greg Manuel and Mike Manuel have filed pro se answers denying liability. The remaining defendants have not filed a response to the complaint,[1] and the Clerk has entered default against defendants MPIRE Holdings and The Momentum

---

[1] Defendants Jim Clements, pro se, and MRT LLC moved for a 30-day extension of time to respond to the complaint and the request for extension was granted (Docket Entry Nos. 22 and 23). Despite the expiration of this extension, these defendants have filed no response to the complaint.

2

Group (Docket Entry No. 21) pursuant to Rule 55(a), Federal Rules of Civil Procedure.

### **Plaintiffs' Preliminary Injunction Motion**

Plaintiffs by their motion seek a preliminary injunction "[1] directing Defendants MPIRE Holdings, The Momentum Group, Mark Manuel, Greg Manuel and Mike Manuel to provide an accounting of their assets and [2] enjoining them from transferring or otherwise disposing of such assets pending the adjudication of Plaintiffs's claim" (Docket Entry No. 18, p. 1 (bracketed numbers added)).

As grounds for their motion, plaintiffs summarize the operative allegations of their complaint. In addition, plaintiffs state that the three Manuel defendants' acts of filing their answers pro se "is concerning to plaintiffs," and that plaintiffs are "concern[ed] that Defendants have fraudulently transferred or hidden their assets in an effort to avoid providing restitution to their victimized investors." (Docket Entry No. 18, p. 5). In addition, plaintiffs allege that "[o]f further concern to Plaintiffs regarding the ongoing availability of assets of the Manuel Defendants and Defendant The Momentum Group for purposes of satisfying a judgment is the fact that since the filing of this suit The Momentum Group's website (www.tmg5.com) has been taken down offline and has been replaced with the website of an apparently new company that Defendant Mark Manuel has created known as NetGreeters." (Id. at p. 6).

3

## Analysis

The factors to be considered by a district court in deciding whether to grant a preliminary injunction are well-established: "(1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim; (2) whether the party seeking the injunction will suffer irreparable harm without the grant of extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the injunction." Six Clinics Holding Corp. v. Cafcomp Systems, Inc., 119 F.3d 393, 399 (6th Cir. 1997) (quoting Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir. 1994)). A district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue. Six Clinics, 119 F.3d at 399 (citing In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir. 1985)).

In support of their motion for preliminary injunction, plaintiffs have filed their complaint, which they have signed subject to the following verification: "Under penalty of perjury, I hereby declare that I have read the foregoing and the facts contained herein are true and accurate to the best of my knowledge and recollection." (Docket Entry No. 1, p. 34). In addition, Mr. and Mrs. Smith both testified at the hearing conducted by the undersigned Magistrate Judge on February 25, 2009. Following the

4

hearing, plaintiffs filed their affidavits, accompanied by numerous documentary exhibits (Docket Entry No. 29).

## Summary of Facts

From the verified complaint, the testimony of plaintiffs at the hearing and their affidavits, the undersigned Magistrate Judge finds the following facts.

Plaintiffs Jerry Smith and Deborah Smith are husband and wife, and live in Athens, Alabama. Mrs. Smith is an entertainer who performs Christian country music.

In or about October 2006, the Smiths ate dinner with defendant Mike Manuel and his wife at Applebee's restaurant in Athens, Alabama. Mike Manuel also works in the Christian country music business as a performer, producer and songwriter. One purpose of this dinner meeting was to discuss Manuel's role as producer of Mrs. Smith's recording album. During this dinner meeting, Mr. Manuel also mentioned a company that he had invested in that was "doing very well."

Although details are somewhat lacking, it is apparent that this initial discussion of Mr. Manuel's investment was followed by further discussions about this subject. Later in 2006 a meeting was held at an office of defendant The Momentum Group in Brentwood, Tennessee. The Momentum Group is identified in paragraph 11 of the complaint as a company founded by defendant Mike Manuel's brother, defendant Mark Manuel. Both plaintiffs and

5

defendants Mike Manuel and Mark Manuel attended this meeting. The purpose of this meeting was to discuss an investment in MRT, LLC by plaintiffs. Mark Manuel told plaintiffs that his company, The Momentum Group, had designed software for MRT. During this meeting, Mark Manuel pulled up on a computer screen his own investment account with MRT, which showed how much he had made. (Plaintiffs were unable to remember the amount of Mark Manuel's earnings as shown on this account, but they do remember that they were "large amounts.") Plaintiffs testified that they understood from discussions with the two Manuels that MRT generated investment returns from interest earned by "shipping funds to overseas banks." Plaintiffs further testified that during this meeting Mark Manuel created a computer account for plaintiffs with MRT and gave them a password to access it. (This account, prior to any investment by plaintiffs, indicated a balance of zero.) Both Mike and Mark Manuel told plaintiffs that they had invested in MRT and that they were paid compensation for recruiting additional investors in MRT. From discussions with Mike and Mark Manuel at this meeting, plaintiffs understood that they would earn interest at a rate of 1.95 percent per month, or 23.4 percent per annum, on their invested funds, that their principal would be committed for a year and a day, that their earned interest could be withdrawn periodically, that there would be no risk to their principal, and that their investment would be evidenced by a promissory note.

6

On January 3, 2007, plaintiffs wired $200,000 from their account at Redstone Federal Credit Union to an account at Wachovia Bank that they understood to be an account of MRT, LLC. Neither plaintiff at the hearing could recall how or from whom they received these wiring instructions, but in their affidavits they testify that Mark Manuel provided these wiring instructions during their earlier meeting. Both plaintiffs testified that they had received no written prospectus or other documentation of any kind from MRT when they wired their money.

A few days after wiring these funds, plaintiffs received by mail an unexecuted promissory note listing MPIRE Holdings, with an address in San Pedro, Belize, as "borrower." Prior to receiving this promissory note, plaintiffs had never heard of MPIRE Holdings. Mr. Smith testified that when he asked Mike Manuel who MPIRE Holdings was, Mr. Manuel told him that MPIRE was a company that had been formed by his brother, Greg, that plaintiffs should sign the promissory note, and that their funds would be transferred to MPIRE by MRT. Mrs. Smith signed this promissory note on April 12, 2007, and it was signed on behalf of MPIRE Holdings on May 3, 2007.[2] (Docket Entry No. 1-1).

Within days following the January 3, 2007, wire transfer, plaintiffs began checking their online account with MRT using the

---

[2] Although the signature of the person who signed this promissory note on behalf of MPIRE Holdings is illegible, plaintiffs correctly point out that it resembles very closely the signature on defendant Greg Manuel's pro se answer filed in this case (Docket Entry No. 13, p. 7).

7

password created during their November 2006 meeting with Mike and Mark Manuel. Following Mrs. Smith's signing of the MPIRE promissory note in April 2007, they were assigned an MPIRE Holdings online account with the same account number. Plaintiffs began checking their online account "quite often," and, although their account with MPIRE initially showed an account balance of zero, following a series of e-mail exchanges between plaintiffs and "MPIRE Support," plaintiffs' online account reflected the amount of their principal investment and the accrual of interest.

In late May 2007, plaintiffs e-mailed MPIRE to request a monthly withdrawal of $3,000 from their account (an amount less than the 1.95 percent monthly interest provided in the promissory note). After an exchange of e-mails with MPIRE failed to result in any interest payments, plaintiffs e-mailed Mike Manuel to seek his assistance. In June 2007, Mike Manuel responded by e-mail and suggested that plaintiffs direct their questions to his brothers, Mark and Greg.

After receiving additional unsatisfactory e-mails from MPIRE, plaintiff Jerry Smith in June 2007 e-mailed defendant Greg Manuel and requested his assistance in setting up monthly withdrawals of earned interest from plaintiffs' MPIRE account. On June 12, 2007, Greg Manuel responded by e-mail to plaintiff Jerry Smith stating there was "no connection" between MPIRE and MRT. Greg Manuel nevertheless agreed to research their problem and "finalize a conclusion."

8

After Greg Manuel thereafter failed to respond and plaintiffs had additional unsatisfactory internet communications with MPIRE, plaintiffs requested an in-person meeting with the Manuel brothers. Plaintiffs met with Mike and Mark Manuel in July 2007 to discuss the status of plaintiffs' investment account. Both plaintiffs recall that at this meeting Mark Manuel stated that "he was the only one who could get their money back from MRT for them," or words to that effect. Plaintiffs testified that at this meeting neither Mike nor Mark Manuel accepted responsibility for their money. Plaintiffs after this meeting had no further communication with Mark Manuel.

Having failed to reach a satisfactory explanation or resolution of the matter with Mike, Mark or Greg Manuel, plaintiffs attempted to obtain return of their money from MRT, LLC. They received a letter from MRT in June 2007 stating that MRT, LLC was "transitioning to be an offshore entity MRT Holdings." Plaintiffs communicated with MRT through a series of "on-line chats," and the MRT chat operator stated that plaintiffs' money should be refunded, together with accrued interest, within 90 days.

Sometime later plaintiff Jerry Smith spoke by telephone with James Clements, who plaintiffs learned was affiliated with MRT, LLC. According to Mr. Smith, Mr. Clements stated that MRT was "going through some financial difficulties and was looking for new investors." Plaintiffs testified that in or about September 2007 they received from Mr. Clements two checks totaling $13,000,

9

but plaintiffs at the hearing could not recall the name of the remitter or drawer of these two checks. In their affidavits plaintiffs identify the drawer of these two checks as MRT. Aside from this $13,000 received from MRT, plaintiffs have received no repayment of their $200,000 principal investment nor any of the promised interest.

Plaintiffs filed their complaint in this Court on May 30, 2008.

## Conclusions of Law

The United States Court of Appeals for the Sixth Circuit has not explicitly stated whether hearsay evidence may be considered in the context of a preliminary injunction hearing. See In Re DeLorean Motor Co., 755 F.2d 1223, 1230 n.4 (6th Cir. 1985). Nevertheless, several district courts within this circuit and other circuit courts have considered such evidence in support of a preliminary injunction. Damon's Restaurants, Inc. v. Eileen K Inc., 461 F.Supp.2d 607, 620 (S.D. Ohio 2006) (citing cases). Despite allowing for this relaxed standard of proof, plaintiffs' evidence in support of their motion for preliminary injunction is extremely skimpy. The undersigned Magistrate Judge reviews this evidence in the context of the four factors to be considered in ruling on a preliminary injunction motion.

Likelihood of success on the merits. From plaintiffs' proof it is evident that some party, or parties, have obtained their $200,000 and have failed to repay it as agreed. Plaintiffs

10

have filed documentary evidence identifying the holder of the Wachovia bank account to which they wired their funds as MRT, LLC. Plaintiffs testified by affidavit that they received wiring instructions for these funds from Mark Manuel, but at the February 25, 2009, hearing neither could remember how they received the wiring instructions or from whom. Plaintiffs testified that, as of the time they wired their $200,000, they had received no prospectus or other documentation from MRT. Sometime thereafter they received a promissory note identifying MPIRE Holdings of San Pedro, Belize, as "borrower." Before receiving this promissory note, plaintiffs had never heard of MPIRE Holdings. At various times, plaintiffs accessed online accounts with MRT and MPIRE using passwords provided by Mike and/or Mark Manuel, and at various times these online accounts indicated balances purporting to represent plaintiffs' funds. However, plaintiffs have offered no evidence of who made the entries into these online accounts or the basis for such entries, and, from their testimony, plaintiffs seem to lack any knowledge of this information.

From the meager evidence it seems likely that defendants Mike, Mark and Greg Manuel have or had some involvement with MRT, MPIRE Holdings and/or The Momentum Group, but their precise involvement is far from clear, at least to the undersigned Magistrate Judge. Plaintiffs testified that Mike and Mark Manuel both claimed to be investors in MRT, and that they received compensation for recruiting new investors. According to

11

plaintiffs, Mark Manuel stated that his company, The Momentum Group, had sold computer software to MRT. Beyond this testimony, plaintiffs have offered little or no tangible evidence of any of the Manuels' ownership of MRT, MPIRE or The Momentum Group, nor of their status as officers, directors or managing agents for any of these entities. The record is equally devoid of evidence that the Manuel defendants received, controlled, or directed any disposition of plaintiffs' funds at any particular point in time, or that they received any compensation or payment as the result of plaintiffs' "investment."

As is evident from this report and recommendation, the undersigned Magistrate Judge has been considerably frustrated in understanding this entire transaction by the remarkable lack of evidence. Given the factual summary recited above, the Court understands that, at the time they decided to commence this action, plaintiffs had many unanswered questions and very little information about critical elements of this transaction. Unfortunately, not much has changed since the complaint was filed. At the preliminary injunction hearing, counsel for plaintiffs stated to the undersigned Magistrate Judge that in the several months since this suit was filed they have served no written discovery — no interrogatories nor requests for production of documents — on any of the defendants. Similarly, they have made no attempts to depose any witnesses, including the defendants, although they acknowledge that the defendants Manuel, at least, are

12

apparently conducting their respective businesses and professions as usual within this district. When the undersigned Magistrate Judge asked plaintiffs' counsel why no discovery had occurred, counsel explained that they were hesitant to incur the costs of discovery absent some indication that defendants possessed sufficient assets to satisfy a judgment if plaintiffs succeed in obtaining one. While the cost of conducting discovery is frequently a consideration in litigation, plaintiffs' decision here to undertake <u>no</u> discovery has substantially deprived the Court of evidence upon which to decide their pending motion. For the reasons stated above, the undersigned Magistrate Judge finds that, although it appears that plaintiffs' have lost their invested funds, and that defendants, or some of them, may be legally responsible, plaintiffs have so far produced insufficient evidence in this record to demonstrate a likelihood of success of their claims against any particular defendant.

<u>Evidence of irreparable injury</u>. As stated above, the evidence is clear that plaintiffs have lost their money, and that some or all of the named defendants may have had some culpable involvement in the subject transactions. However, plaintiffs have offered no evidence beyond their bare "concerns" that any particular defendant is presently absconding with or dissipating assets that might be required to satisfy a judgment. To the contrary, plaintiffs testified at the hearing that, to their knowledge, defendants Mike, Mark and Greg Manuel are all "doing

13

things and earning money." (e.g., Docket Entry No. 29-20). In summary, plaintiffs have failed to offer evidence to support a conclusion that they will suffer irreparable harm if a preliminary injunction is not issued.

<u>Probability of harm to others</u>. Plaintiffs here seek a preliminary injunction (1) requiring defendants MPIRE Holdings, The Momentum Group, Mark Manuel, Greg Manuel and Mike Manuel to provide an accounting of their assets and (2) enjoining these defendants "from transferring or otherwise disposing of such assets pending the adjudication of Plaintiffs' claims" (Docket Entry No. 18, p. 1). The record is silent regarding specific financial circumstances of any of the defendants. Nevertheless, the undersigned Magistrate Judge finds that a court order prohibiting the transfer or disposition of all assets would work an extreme hardship on the vast majority of persons, probably including the defendants. Moreover, as stated above, this Magistrate Judge finds that the meager evidence in this record fails to support the issuance of such an order.

<u>Advancement of the public interest</u>. From the evidence presented, the undersigned Magistrate Judge is unable to find that the issuance of the preliminary injunction sought would advance the public interest.

For the reasons stated above, the undersigned Magistrate Judge finds that, upon consideration of the required factors, plaintiffs' motion for a preliminary injunction should be **DENIED**.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiffs' motion for preliminary injunction (Docket Entry No. 18) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 9th day of March 2009.

        s/ John S. Bryant
        JOHN S. BRYANT
        United States Magistrate Judge