IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY SMITH and DEBORAH SMITH, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MPIRE HOLDINGS, LLC., a/k/a MRT Holdings, )<br>THE MOMENTUM GROUP, MARK MANUEL, )<br>GREG MANUEL, MIKE MANUEL, and )<br>JAMES CLEMENTS, )<br>)<br>Defendant. ) | Civil No. 3:08-0549<br>Judge Trauger |

### MEMORANDUM and ORDER

On March 9, 2009, the Magistrate Judge issued a Report and Recommendation, recommending that the Plaintiffs' Motion For Preliminary Injunction Freezing Assets of Defendants MPIRE Holdings, The Momentum Group, Greg Manuel, Mark Manuel and Mike Manuel And Order For Accounting (Docket No. 18) be denied. (Docket No. 30) The plaintiffs have filed timely Objections. (Docket No. 33)[1] Pursuant to Rule 72(b), FED. R. CIV. P., and 28 U.S.C. § 636(b)(1)(C), this court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

The thrust of the plaintiffs' objections is that they did produce sufficient evidence upon which the Magistrate Judge could have relied to grant their Motion For Preliminary Injunction.

---

[1] Despite the fact that several defendants have not yet received the Report and Recommendation because of an administrative error in the Clerk's Office (*see* Docket Annotation dated March 13, 2009), the court will rule on the pending objections because the Report and Recommendation ruled in favor of all defendants.

1

They also make much of the fact that not all defendants have responded to the motion or the Complaint or court orders. Citing Sixth Circuit case law, they assert that the evidence introduced before the Magistrate Judge "at a minimum raise questions going to the merits of their claims 'so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation.' At a minimum, the Complaint is sufficient to raise questions and warrant further investigation, and therefore, satisfies the first factor of consideration in reaching a decision on a request for a pre-judgment asset freeze." (Docket No. 33 at 6-7) This assertion, in fact, makes the Magistrate Judge's point. The plaintiffs have conducted absolutely no discovery and were unable to establish to the Magistrate Judge's satisfaction the connection of defendants Mike, Mark or Greg Manuel to any of the defendant entities, including the two entities against which the plaintiffs have already secured a default judgment. The Magistrate Judge considered the Verified Complaint, held an evidentiary hearing, at which the plaintiffs testified,[2] and considered the post-hearing affidavits and other evidence submitted by the plaintiffs, yet still concluded that there was a "remarkable lack of evidence" concerning the entire transaction. (Docket No. 30 at 12)

  The plaintiffs bear the burden of proof in establishing their right to a preliminary injunction and, in exhaustively analyzing those factors in the Report and Recommendation, the Magistrate Judge found that the plaintiffs had not carried their burden. The plaintiffs' objections simply reiterate the arguments made to the Magistrate Judge that the Magistrate Judge found unpersuasive. No specific objection is made that the Magistrate Judge ignored certain proof or

---

[2]The individual defendants many not have appeared at the hearing before the Magistrate Judge because they did not receive a copy of the Order setting that hearing (*see* Docket Annotation dated March 13, 2009).

2

Case 3:08-cv-00549 Document 34 Filed 03/25/09 Page 2 of 3 PageID #: 596

based his recommendation upon faulty legal authority. It is certainly true, as the plaintiffs' posit, that their allegations warrant "more deliberate investigation," but the plaintiffs have failed to establish their entitlement to the extraordinary remedy of freezing the assets of all of the defendants, when it is as yet unclear which defendants are culpable or which defendants may still be holding their investment funds. The plaintiffs have many appropriate avenues available to them for seeking relief in this case under the FEDERAL RULES OF EVIDENCE and the FEDERAL RULES OF CIVIL PROCEDURE. But they must move this case forward in a logical, legally acceptable fashion in order to secure that relief.

For the reasons expressed herein, the plaintiffs' objections are **OVERRULED**. The Report and Recommendation (Docket No. 30) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, it is hereby **ORDERED** that the Plaintiffs' Motion For Preliminary Injunction Freezing Assets of Defendants MPIRE Holdings, LLC, The Momentum Group, Greg Manuel, Mark Manuel And Mike Manuel And Order For Accounting (Docket No. 18) is **DENIED**.

It is so **ORDERED**.

ENTER this 25th day of March 2009.

ALETA A. TRAUGER
U.S. District Judge