UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY SMITH, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MPIRE HOLDINGS, LLC., et al., )<br>)<br>Defendants. ) | NO. 3:08-0549<br>Judge Trauger/Bryant<br>**Jury Demand** |

**To: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Plaintiffs have filed their motion (Docket Entry No. 116) to strike or, in the alternative, to dismiss the filings by defendants Michael Manuel and Gregory Manuel, respectively, entitled "Affidavit of Negative Averment, Opportunity To Cure, and Counterclaim." (Docket Entry Nos. 88 and 90). Defendants have not responded in opposition to this motion.

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that plaintiffs' motion be **GRANTED** and these two filings by defendants be **STRICKEN** or in the alternative, **DISMISSED**.

Defendants Mike Manuel and Greg Manuel, proceeding pro se, have each filed a paper entitled "Affidavit of Negative Averment, Opportunity To Cure, and Counterclaim." These filings are substantially identical. Reciting that they seek a remedy "in admiralty," they consist of three elements. The "affidavit of negative averment" amounts to a count-by-count "demand" that proof of plaintiffs' claim must be "established by law." The

"opportunity to cure" element consists of a demand that plaintiffs, within 21 calendar days, "cure their Dishonor" by dismissing all their claims or, alternatively, "pay all damages as indicated by the counterclaim contained herein with Real Money," or "prove your claims against me by providing me with lawfully documented evidence that is certified true and correct. . . ." Finally, this filing includes a "counterclaim" element listing ten numbered paragraphs, most of which make no sense whatsoever, but seemingly purport to assert large monetary claims against plaintiffs.

Plaintiffs have moved to strike or, alternatively, to dismiss these filings on numerous grounds. Summarizing, plaintiffs argue that these filings have no factual or legal basis whatsoever, and that they have been filed solely to harass plaintiffs, distort and confuse the issues, and needlessly increase the cost of this litigation (Docket Entry No. 116).

## Analysis

Rule 12(f) of the Federal Rules of Civil Procedure provides that, upon motion or on its own, the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Rule 12(b)(6) provides that a party may move for dismissal of a claim for "failure to state a claim upon which relief can be granted."

2

Inasmuch as the Manuel defendants are proceeding pro se, the court is obliged to construe their filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Despite this relaxed standard, the undersigned Magistrate Judge finds that these two filings by defendants Manuel should be stricken or, in the alternative, dismissed for the following reasons:

1. An "affidavit of negative averment, opportunity to cure and counterclaim" is not recognized nor authorized by the Federal Rules of Civil Procedure. Papers with the same title, often including a recitation "filed in admiralty" have been filed by pro se litigants in other districts, and courts have routinely stricken or dismissed them as frivolous and legally unenforceable. See e.g., Wilson v. First Franklin Financial Corp., 2009 WL 3721221 at *6 (E.D. Cal. Nov. 5, 2009); Done v. Wells Fargo Bank, N.A., 2009 WL 2959619 at *2 (E.D. N.Y. Sept. 14, 2009); U.S. Financial L.P. v. Berneathy, 2009 WL 2959664 at *3 (S.D. Cal. Sept. 10, 2009) (defendant's invocation of admiralty jurisdiction rejected as "frivolous"); Quezada-Montero v. Metropolitan Correctional Facility, 2008 WL 4552955 at *2 (C.D. Cal. Oct. 8, 2008); In re Stage Door Dev., Inc., 2008 WL 4531777 (M.D. Ala. Oct. 8, 2008); (similar filing labeled "quasi-legal gibberish" by bankruptcy judge); United States v. Muncy, 2008 WL 2783285 at **2-4 (E.D. Ark. July 15, 2008) (similar filings found to "lack any factual or legal basis" and further filings were permanently enjoined).

3

The undersigned Magistrate Judge finds that the two "affidavit[s] of negative averment, opportunity to cure, and counterclaim" filed by defendants Mike and Greg Manuel amount to nothing more than pseudolegal nonsense wholly lacking in legal merit and, pursuant to Rule 12(f), should be stricken.

2. Even if these filings were found to have some basis in the law, defendants Manuel have neither sought nor obtained leave of court, required by Rule 15(a)(2), to amend their pleadings. Both of the Manuel defendants have previously filed answers (Docket Entry Nos. 13 and 14) on July 8, 2008, and they therefore do not have the right to file amended pleadings without leave of court.

To the extent that defendants seek to invoke admiralty jurisdiction by the recitation that these defendants are "before this court seeking a remedy in admiralty," such a claim is demonstrably without merit. Admiralty jurisdiction is limited to torts that take place on navigable waters and arise in the course of traditional maritime activities. Petersen v. C & O Ry. Co., 784 F.2d 732, 736 (6th Cir. 1986). The claims in this case, of course, involve neither navigable waters nor maritime activities. Therefore, defendants' invocation of admiralty jurisdiction is complete nonsense.

Finally, even if defendants had sought leave of court to file the subject papers as amendments to their pleadings pursuant

4

to Rule 15, such amendments would properly have been denied as futile. As an exception to the general rule that leave to amend under Rule 15 should be "freely given," the court may deny such leave when the amendment, if granted, would be futile. <u>Marx v. Centran Corp.</u>, 747 F.2d 1536, 1550 (6th Cir. 1984). An amendment is futile when it could not withstand a Rule 12(b)(6) motion to dismiss. <u>Rose v. Hartford Underwriters Ins. Co.</u>, 203 F.3d 417, 421 (6th Cir. 2000).

The Supreme Court has recently described the standard of review when a pleading is challenged under Rule 12(b)(6):

> [A] pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

<u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (internal citations to <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) omitted).

Reviewing the subject filings by defendants under this standard, the monetary claims in the "counterclaim" portion of the filing are wholly devoid of any factual basis and consist of dollar demands coupled with various legal labels. These claims do not

5

even rise to a "the-defendant-unlawfully-harmed-me" status as no factual allegations are offered to suggest a link between the dollar demand and the associated legal label. For this reason, the undersigned Magistrate Judge finds that defendants' filings lack sufficient factual matter, when accepted as true, to state a claim for relief that is plausible on its face. Therefore, these pleadings could not withstand a Rule 12(b)(6) challenge, are futile on their face, and would not have enjoyed the "freely given" standard for amendments to pleadings, had leave been sought.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiffs' motion to strike or, in the alternative, to dismiss defendants' "affidavits of negative averment, opportunity to cure, and counterclaims" be **GRANTED**, and that these filings (Docket Entry Nos. 88 and 90) be **STRICKEN** or, in the alternative, **DISMISSED** for failure to state a claim.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

6

Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 23rd day of December 2009.

                                              s/ John S. Bryant
                                              JOHN S. BRYANT
                                              United States Magistrate Judge