```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

JERRY SMITH, et al.,            )
                                )
     Plaintiffs,                )
                                )
       v.                       )    NO.  3:08-0549
                                )    Judge Trauger/Bryant
MPIRE HOLDINGS, LLC., et al.,   )    Jury Demand
                                )
     Defendants.                )
```

## MEMORANDUM AND ORDER

Plaintiffs have filed their motion for an order compelling the three individual Manuel defendants to sign IRS forms 4506 (Docket Entry No. 136). This form, when signed by defendants, authorizes the Internal Revenue Service to release to plaintiffs copies of defendants' federal income tax returns, including all schedules and attachments filed with the returns (Docket Entry No. 136-1).

Defendants have not objected or otherwise responded in opposition to this motion.

## Analysis

Rule 26(b) of the Federal Rules of Civil Procedure defines the permissible scope of discovery in a civil action, and provides in part as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any document or other tangible things and the identity and location of persons who know

> of discoverable matter. For good cause, the court
> may order discovery of any relevant matter.

Broad discretion is afforded to the court in regulating discovery. Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir. 1991).

Tax returns are subject to discovery in civil litigation between private parties. See Credit Life Ins. Co. v. Uniworld Ins. Co., 94 F.R.D. 113, 119 (S.D. Ohio 1982). However, there are limitations to when a party may be ordered to provide tax returns to an opposing party. Tax returns are discoverable (1) where they are relevant to the action or the issues raised thereunder and (2) the material is otherwise not readily available. Burket v. Hyman Lippitt, P.C., 2007 WL 2214302 at *2 (W.D. Mich. July 27, 2007) (citing cases). Moreover, relevance of income tax returns is not limited solely to issues of amounts of income. Credit Life Ins. Co., 94 F.R.D. at 121 (tax returns relevant to issues of jurisdiction and alter ego doctrine); Heathman v. U.S. Dist. Court for Central Dist. of California, 503 F.2d 1032, 1033 (9th Cir. 1974) (tax returns relevant to issue of the interrelationships among several defendants, including individuals, corporations and other legal entities); and Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195, 198 (M.D. Fla. 1990) (tax returns relevant to plaintiff's claims of financial impropriety and conversion by defendants).

The complaint in this case alleges that the Manuel

2

defendants swindled plaintiffs out of $200,000 by means of a bogus investment scheme involving MPIRE Holdings, LLC and MRT Holdings. Defendants have generally denied wrongdoing and involvement with or control of defendant entities. To the extent that their tax returns show any income from or other relationship with the other defendants, including MPIRE or MRT, the tax returns are relevant to issues in this case.

In addition, plaintiffs have sufficiently demonstrated that this material is not otherwise readily available. Plaintiffs served notices of depositions of the Manuel defendants in July 2009 (Docket Entry Nos. 53, 54 and 55). These notices were accompanied by a list of documents, including tax returns, to be produced by defendants at these depositions. Defendants filed no objections to these notices nor did they seek protective orders pursuant to Rule 26(c); instead, they in effect ignored the terms of these notices and produced nothing. From this conduct by defendants the undersigned Magistrate Judge finds that, except by production of the subject tax returns, relevant material is not otherwise available.

For the above reasons, the court **GRANTS** plaintiffs' motion to compel (Docket Entry No. 136), as follows:

1. On or before **March 3, 2010**, counsel for plaintiffs shall mail to each of the Manuel defendants a copy of Form 4506 including the names and address of plaintiffs' counsel in paragraph

3

5, the words "Form 1040" in paragraph 6, and the years 2005, 2006, 2007 and 2008 in paragraph 7.

2. On or before **March 10, 2010**, each of the three Manuel defendants shall produce to counsel for plaintiffs complete copies, including schedules and attachments, of their federal income tax returns for the tax years 2005, 2006, 2007 and 2008, or, alternatively, each Manuel defendant shall complete, sign, and return to counsel for plaintiffs the subject Form 4506 sufficient to enable counsel for plaintiffs to obtain copies of tax returns directly from the Department of the Treasury.

3. Any payment necessary to obtain copies from the Government shall be borne by plaintiffs.

Defendants are admonished that their failure to comply with this order may subject them to sanctions, including but not limited to entry of default judgment.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge