UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY SMITH, et al., ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
|      v. ) | NO. 3:08-0549 |
| ) | Judge Trauger/Bryant |
| MPIRE HOLDINGS, LLC., et al., ) | **Jury Demand** |
| ) | |
|    Defendants. ) | |

**To: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Defendant Mark Manuel has filed his motion to dismiss (Docket Entry No. 94) for failure to state a claim upon which relief can be granted and for plaintiffs' "disregard for the Court's ORDER of, July 13, 2009, to show Proof of Claim as ORDERED in the attached Affidavit of Conditional Acceptance."

Rather than filing a response in opposition to this motion, plaintiffs filed their "Motion To Strike and/or Deny Defendant Mark Shannon Manuel's Motion To Dismiss, Docket Entry No. 94" (Docket Entry No. 117).

Defendant Manuel's motion has been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 15).

On August 18, 2009, the court entered an order requiring defendant Manuel to show cause why his motion to dismiss should not be denied for his failure to file a supporting memorandum of law as required by Local Rule 7.01. In apparent response to this show

cause order, defendant Manuel filed a paper entitled "Case for Dismissal" (Docket Entry No. 124).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that defendant Manuel's motion to dismiss (Docket Entry No. 94) be **DENIED** and that plaintiffs' "Motion To Strike and/or Deny" (Docket Entry No. 117), which is actually a memorandum in opposition to defendant Manuel's motion, be **GRANTED**.

## Statement of the Case

Plaintiffs have filed a complaint alleging that defendant Manuel, his two brothers and other defendants defrauded plaintiffs out of $200,000 in a bogus investment scheme. Plaintiffs assert claims under causes of actions for violations of federal and state securities statutes, common law fraud, negligent misrepresentation, breach of fiduciary duty, and breach of contract.

Defendant Mark Manuel has filed his answer denying liability (Docket Entry No. 12).

## Defendant Manuel's Motion to Dismiss

Defendant Manuel asserts two grounds for his motion to dismiss: (1) the complaint fails to state a claim against him upon which relief can be granted; and (2) "plaintiffs' disregard for the Court's ORDER of, July 2009, to show Proof of Claim as ORDERED in the attached Affidavit of Conditional Acceptance."

2

## Analysis

With respect to the second ground, the only order entered by the court on July 13, 2009, docketed as Docket Entry No. 80, directed the Clerk to file for the record three "Affidavits of Conditional Acceptance" delivered to the Magistrate Judge's chambers on July 10, 2009 (Docket Entry Nos. 81, 82 and 83). The Court's order of July 13, 2009, was not directed to the parties, and imposed no duty or obligation on plaintiffs to do anything. Moreover, the "Affidavit of Conditional Acceptance" filed by defendant Mark Manuel (Docket Entry No. 82) purports to "accept" the "offer" "requested" by the court to participate in the July 10, 2009, telephone conference with the court. This "affidavit" is not a filing authorized or recognized by the Federal Rules of Civil Procedure, has no binding effect on any party, and certainly does not constitute an order of the court. Therefore, the second ground cited by defendant Manuel for his motion to dismiss is wholly without merit.

The first ground listed in defendant Manuel's motion to dismiss is failure to state a claim upon which relief can be granted. Although defendant's motion does not cite the rule, the defense of failure to state a claim appears in Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Under recent Supreme Court authority, a court analyzing a complaint under Rule 12(b)(6) must construe the complaint in the

3

plaintiff's favor, accept the factual allegations contained in the complaint as true, and determine whether the plaintiff's factual allegations present "plausible" claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To be considered plausible, a claim must be more than merely conceivable. Id. at 556; Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). Unlike facts, which the court must accept as true, mere legal conclusions and "threadbare recitals of the elements of a cause of action" are insufficient to state a plausible claim under Rule 12(b)(6). Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).

In his filing entitled "Cause for Dismissal" (Docket Entry No. 124), defendant Manuel offers no legal authority for the proposition that plaintiffs have failed to state plausible claims, nor does he make that argument. Instead, defendant Manuel argues, in substance, that plaintiffs have offered no evidence to support the claims in their complaint, and he denies some of plaintiffs' allegations against him.[1] Defendant's arguments, therefore, challenge the veracity, but not necessarily the sufficiency, of the allegations in plaintiffs' complaint. Since a motion to dismiss

---

[1] Defendant Manuel's "Cause for Dismissal" filing (Docket Entry No. 124) includes what appears to be the signature and notarial seal of Brian Gary, a notary public. However, defendant's filing does not state that it was made under oath or subject to the penalties for perjury, nor does it include a notary's acknowledgment to that effect. Therefore, the Court is unable to find that defendant's statements in this filing are made under oath.

4

based upon a failure to state a claim, by its very nature, necessarily assumes that all factual allegations in the complaint are true, defendant Manuel's denials and arguments that plaintiffs lack evidence to prove their claims are ineffective in support of such a motion to dismiss.  The undersigned Magistrate Judge finds that the allegations in the complaint, if accepted as true, do state plausible claims against defendant Manuel, and, therefore, that his motion to dismiss for failure to state a claim must be denied.  Whether plaintiffs have evidence sufficient to prove their claims remains for a later determination.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant Mark Manuel's motion to dismiss (Docket Entry No. 94) be **DENIED**, and, to that extent, that plaintiffs' "motion to strike and/or deny" (Docket Entry No. 117) be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can

5

constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 22nd day of February 2010.

                                              s/ John S. Bryant
                                              JOHN S. BRYANT
                                              United States Magistrate Judge

6

Case 3:08-cv-00549   Document 202   Filed 02/22/10   Page 6 of 6 PageID #: 1573