UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JERRY SMITH, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|       v. | ) | NO. 3:08-0549 |
| | ) | Judge Trauger/Bryant |
| MPIRE HOLDINGS, LLC., et al., | ) | **Jury Demand** |
| | ) | |
|     Defendants. | ) | |

**O R D E R**

Plaintiffs have filed their motion to compel and motion for sanctions against defendants Mike Manuel, Greg Manuel and Mark Manuel (Docket Entry No. 138). By this motion plaintiffs seek an order (1) requiring the Manuel defendants to appear for, or complete, their depositions; (2) compelling the Manuel defendants to produce documents pursuant to previously served deposition notices; and (3) imposing sanctions on the Manuel defendants for their failure to comply with their deposition notices on July 15, 16 and 17, 2009.

The Manuel defendants have filed no response to this motion.

For the reasons stated below, the undersigned Magistrate Judge finds that this motion should be **GRANTED**, as follows:

From the plaintiffs' motion, which is unopposed in this record, it appears that counsel for plaintiffs served notices to take the discovery depositions of defendants Mike Manuel, Greg Manuel and Mark Manuel on July 15, 16 and 17, 2009, in Nashville, Tennessee. The deposition notices served on each of these defendants included a lengthy list of documents and electronically

stored information that these defendants were directed to bring with them to their depositions. Defendant Mike Manuel was noticed to appear for his deposition at the court reporting office of Bain, Cleeton & Edwards at 9:00 a.m. on July 15, 2009. Plaintiffs' counsel, who are not residents of Nashville, apparently became confused about driving directions to the court reporter's office, causing them some delay in arriving for this deposition. According to plaintiffs' motion papers, counsel telephoned the court reporter's office approximately 15 minutes before the deposition was scheduled to commence to inform those present that they would be a few minutes late, but that they were on their way. Plaintiffs' counsel arrived at the court reporting office at approximately 9:06, or six minutes after the appointed time for the beginning of the deposition, and were told that the three defendants Manuel had left at 9:03 a.m., or three minutes before. According to the court reporter, defendants stated that they were unwilling to wait for plaintiffs' counsel, and departed the building at 9:03 a.m. Plaintiffs' counsel quickly unpacked and attempted to reach all three Manuel defendants by telephone, leaving voice mail messages for all three requesting that they return to the court reporter's office in order to begin the deposition of Mike Manuel. Although plaintiffs' counsel remained at the court reporting office until 12:30 p.m., none of the Manuel defendants ever returned their phone calls.

Defendant Greg Manuel was noticed to appear for his deposition on the following day, July 16, 2009. Defendant Manuel did appear at 9:00 a.m. on July 16, but refused to acknowledge that

he was indeed Greg Manuel.  He declined to take the traditional oath or to affirm otherwise that the testimony he would provide would be the truth subject to the penalties of perjury.  In the absence of the undersigned Magistrate Judge, counsel for plaintiffs telephoned Magistrate Judge Juliet Griffin, who conducted a telephone conference with the parties and made rulings reflected in an order dated July 29, 2009 (Docket Entry No. 105).  With approximately three hours of testimony remaining in his deposition, defendant Greg Manuel requested an early recess of his deposition upon his agreement to return the following day to complete his deposition following the conclusion of the deposition scheduled for his brother, Mark Manuel.  Despite his commitment to return to the following day to complete his deposition, on July 17 at approximately 3:46 in the afternoon, Greg Manuel emailed plaintiffs' counsel and stated that he would be unable to continue his deposition "due to medical reasons."

On July 17, 2009, defendant Mark Manuel appeared at 9:00 a.m. for his deposition.  However, he refused to acknowledge that he was Mark Manuel, refused to provide any identification, and refused to allow the court reporter to administer the traditional oath or otherwise affirm that his testimony would be the truth subject to the penalties of perjury.  Following a further telephone conference with Magistrate Judge Griffin, whose rulings are documented in her July 29, 2009, order entered as docket Entry No. 105, defendant Mark Manuel persisted in giving nonsensical responses to the questions of plaintiffs' counsel and professing a

lack of memory to numerous questions under circumstances suggesting that his responses were untrue.

In addition, none of the Manuel defendants produced a single document in response to the requests included in their deposition notices. Indeed, to this date none of the Manuel defendants has produced a single document in discovery in this case.

Rule 37 of the Federal Rules of Civil Procedure authorizes a court to enter orders compelling discovery and imposing sanctions upon a finding that parties have failed to cooperate in discovery. Specifically, Rule 37(a) authorizes a court to enter an order compelling a party to make disclosure or participate in discovery. Pursuant to this authority, the undersigned Magistrate Judge **ORDERS** that defendants Mike Manuel, Greg Manuel and Mark Manuel, on or before **August 31, 2010,** shall produce to plaintiffs' counsel all documents and electronically stored information within their custody or control responsive to the documents and information described in the deposition notices served by plaintiffs for these defendants' July 2009 depositions. The Court further **ORDERS** that, following this production of documents and by a date no later than **September 15, 2010**, the Manuel defendants each shall appear for a deposition in Nashville on a date noticed by counsel for plaintiffs.

Rule 37(a)(5) provides that if a motion to compel discovery is granted, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

4

The affidavit of Rebecca Davis (Docket Entry No. 138-2) states that plaintiffs' counsel spent 8.25 hours in preparation of their motion to compel. The undersigned Magistrate Judge finds that an hourly rate of $225.00 per hour is reasonable under the circumstances, and the Court taxes the total attorneys' fee incurred by plaintiffs in filing this motion of **$1,856.25** against the Manual defendants, jointly and severally.

In addition, Rule 37(d) authorizes the court to impose sanctions on a party for failure to attend his own deposition. Although defendants Greg Manuel and Mark Manuel appeared for their depositions, their misconduct, including their refusal to take the traditional oath, their refusal to identify themselves, and their other obstructive behavior amounted to a refusal to be deposed. See Bray v. Memphis State University, 88 F.R.D. 90 (W.D. Tenn. 1980). Rule 37(d)(3) authorizes the court to impose monetary sanctions including the reasonable expenses, including attorney's fees caused by the failure to appear. In this case, the Court finds from the affidavit of Rebecca Davis (Docket Entry No. 138-2) that the reasonable expenses incurred by plaintiffs in order to take these depositions amounts to a total of **$4,664.95**. The Court further finds that defendants should pay an attorneys' fee of 7 hours per deposition for a total of 21 hours at a rate of $225.00 per hour, for a total attorneys' fee of **$4,725.00** for their failure to appear and give these depositions. These monetary sanctions, totaling $11,246.20, are hereby **AWARDED** in favor of plaintiffs and against defendants Mike Manuel, Greg Manuel and Mark Manuel,

5

jointly and severally. These sanctions may be enforced by execution, if necessary.

### Summary

As stated more fully above, plaintiffs' motion to compel and motion for sanctions is **GRANTED**. The Court orders:

1. That on or before **August 31, 2010**, defendants Mike Manuel, Greg Manuel and Mark Manuel shall produce to plaintiffs' counsel all documents or information within their custody or control responsive to requests included in the notices for their July 2009 deposition;

2. that on or before **September 15, 2010**, each of the individual Manuel defendants shall appear and testify at a discovery deposition in Nashville, Tennessee, on a date noticed by plaintiffs; and

3. that the Manuel defendants, jointly and severally, shall pay to plaintiffs the sum of **$11,246.20** as Rule 37 sanctions for their failure to cooperate in discovery.

Defendants are admonished that their failure to comply with this order may subject them to additional sanctions, including but not limited to entry of judgment by default.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge