```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

JERRY SMITH, et al.,            )
                                )
    Plaintiffs,                 )
                                )
     v.                         )    NO. 3:08-0549
                                )    Judge Trauger/Bryant
MPIRE HOLDINGS, LLC., et al.,   )    **Jury Demand**
                                )
    Defendants.                 )

## O R D E R

Plaintiffs and defendants James Clements and MRT, LLC have filed their joint motion seeking an order compelling defendants Mike Manuel, Greg Manuel and Mark Manuel to sign a series of fourteen (14) releases directing several internet service providers to release all account information, electronic data, information and emails associated with numerous internet website domains (Docket Entry No. 137-3). These domains appear to be identified with several of the defendants, including MRT, LLC, MRT Holdings, the Momentum Group and MPIRE Holdings. In addition, these releases include all account information, electronic data, information and emails associated with email addresses that appear to be identified with the individual Manuel defendants.

As legal authority supporting this motion, plaintiffs and defendant Clements cite the Stored Wire and Electronic Communications and Transactional Records Access Act, 18 U.S.C. § 2701 et seq. In pertinent part, this statute provides that a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that

service, unless such disclosure is consented to by the originator or an addressee or intended recipient of such communication.[1] 18 U.S.C. § 2701. For purposes of the instant motion, the material aspect of this statute seems to be that entities storing electronic communication may divulge the contents of such communications upon consent of the originator or an addressee or intended recipient of such communication. Plaintiffs and defendants Clements and MRT, by their motion, seek an order compelling the individual Manuel defendants to execute 14 release forms consenting to the release of all electronically stored information identified with the various accounts listed (Docket Entry No. 137-3).

Rule 34 of the Federal Rules of Civil Procedure governs requests for production of documents and electronically stored information. This rule provides that a party may serve upon any other party a request to produce documents and electronically stored information "in the responding party's possession, custody or control." In a somewhat analogous situation, this Court has held that a party has control over his medical records because, by either granting or denying consent, he may determine who shall have access to them. <u>Bertrand v. Yellow Transportation, Inc.</u>, 2010 WL 2196584 (M.D. Tenn. May 28, 2010). Employing this reasoning, the court required a plaintiff to execute a medical release form authorizing defendants to obtain copies of plaintiff's medical records directly from plaintiff's health care providers.

---

[1] 18 U.S.C. § 2702(b) includes additional exceptions to the general rule of nondisclosure, but those additional exceptions are not pertinent here.

2

Analogizing the Bertrand case to this one, it appears that the Manuel defendants have control the electronically stored information maintained by internet service providers in the accounts which they control, because, according to federal statute, they may consent to grant access to their information. However, unlike the circumstance in the Bertrand case in which the medical records to be produced pertained only to the plaintiff, the records sought here are not limited in scope to information pertaining to plaintiffs or other matters that may be material to this case. By their terms, the releases proposed by plaintiffs include **all** electronically stored information in these accounts, without regard to the nature of the information or the persons to whom the information may pertain. Given the nature of the transactions that plaintiffs allege to have had with these defendants, the Court finds it likely that the information responsive to the releases proposed by plaintiffs would involve confidential matters of numerous third parties who are strangers to this litigation. Because of the inability to protect these third parties from unauthorized disclosure of their confidential records and information, the undersigned Magistrate Judge finds that an order compelling the Manuel defendants to execute consents to the release of all stored electronic information in these accounts is inappropriate.

For the foregoing reason, the Court **DENIES** plaintiffs and defendant Clements's motion to compel the Manuel defendants to sign

releases directed to their internet service providers (Docket Entry No. 137).[2]

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

---

[2]The Court on August 11, 2010, entered an order granting plaintiffs' motion to compel the Manuel defendants to produce certain documents, which appear to include most if not all of the emails that plaintiffs seek to obtain by means of this motion.

4