```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

JERRY SMITH, et al.,            )
                                )
    Plaintiffs,                 )
                                )
      v.                        )   NO. 3:08-0549
                                )   Judge Trauger/Bryant
MPIRE HOLDINGS, LLC., et al.,   )   **Jury Demand**
                                )
    Defendants.                 )

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Pending in this case are two motions for judgment by default (Docket Entry Nos. 308 and 309).

Plaintiffs seek judgment against defendants MPIRE Holdings, LLC, and The Momentum Group, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure based upon these defendants' failure to plead or otherwise defend. The Clerk has previously entered default against these parties pursuant to Rule 55(a) (Docket Entry No. 21).

Plaintiffs also see judgment by default against the three individual defendants, Mark Manuel, Greg Manuel and Mike Manuel ("the Manuel defendants"), pursuant to Rule 37(b)(2), based upon the Manuel defendants' failures to comply with a court order requiring discovery.

None of the foregoing defendants has filed a response in opposition to these motions.

For the reasons stated below, the undersigned Magistrate Judge **recommends** that plaintiffs' motions for judgment by default

be **granted**, and that judgment be entered against these defendants consistent with this report and recommendation.

## Statement of the Case

Plaintiffs Jerry Smith and Deborah Smith filed their complaint (Docket Entry No. 1) alleging that the individual Manuel defendants, using several business entities that they owned and/or controlled, had fraudulently induced plaintiffs to invest $200,000 in a bogus investment scheme through false promises and intentional misrepresentations. Plaintiffs assert causes of action for violations of the Securities Act of 1933, the Securities Exchange Act of 1934, state securities statutes, common law fraud, negligent misrepresentation, breach of fiduciary duty and breach of contract.

## Motion for Default Judgment Against the Entity Defendants

Defendants MPIRE Holdings, LLC and The Momentum Group ("the entity defendants") failed to appear in this case, and the Clerk entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against these parties on August 18, 2008 (Docket Entry No. 21). Since then, neither party has appeared in the case or has otherwise sought to have the default set aside. For these reasons, the undersigned Magistrate Judge finds that entry of judgment by default against these defendants pursuant to Rule 55(b)(2) is appropriate.

## Motion for Default Judgment Against the Individual Defendants

Plaintiffs also have moved for judgment by default against the three individual Manuel defendants pursuant to Rule 37(b)(2) based upon their persistent failure to obey court orders requiring them to make discovery.

2

On July 7, 2008, the three individual Manual defendants filed their respective pro se answers to the complaint (Docket Entry Nos. 12, 13 and 14). Since then, these defendants have consistently ignored their discovery obligations and figuratively thumbed their noses at the Court's orders requiring them to respond to discovery requests.

On February 22, 2010, the undersigned Magistrate Judge entered an order (Docket Entry No. 199) granting plaintiffs' motion to compel, and ordering the individual defendants to produce copies of their federal income tax returns for the tax years 2005 through 2008 or, alternatively, sign releases to enable plaintiffs' counsel to obtain copies of these tax returns directly from the U.S. Department of the Treasury. From the record it appears that defendants ignored this order.

On June 1, 2010, the undersigned Magistrate Judge entered an order (Docket Entry No. 236) scheduling a telephone conference with the parties for June 15, 2010, to discuss any remaining incomplete discovery. This order directed the individual defendants to call the Magistrate Judge's office to provide a telephone number where they could be reached at the time established for the conference. As a subsequent order (Docket Entry No. 244) recites, defendants failed to comply by providing telephone numbers and failed to participate in the telephone conference scheduled by the Court.

Finally, on August 11, 2010, the undersigned Magistrate Judge entered an order (Docket Entry No. 278) granting plaintiffs' motion to compel and ordering the three individual Manual

3

defendants to produce documents responsive to document requests included with their deposition notices, (2) to appear and testify at their depositions on or before September 15, 2010, and (3) pay a monetary sanction based upon their misbehavior and general flaunting of discovery rules during an earlier attempt to obtain their discovery depositions in July 2009. These defendants' misbehavior is more fully described in the memorandum and order entered August 11, 2010 (Docket Entry No. 278), but included their refusals to identify themselves, their refusals to take an oath or affirmation to tell the truth during their depositions, and defendant Greg Manuel's failure to return on the following day to complete his deposition after agreeing to do so in exchange for plaintiffs' counsel allowing him to leave his deposition early.

The Court's order of August 11, 2010, expressly admonished these defendants that their failure to comply with the order may subject them to additional sanctions, "including but not limited to entry of judgment by default." (Docket Entry No. 278 at 6).

From the record, it appears that, despite the foregoing order, the three individual Manuel defendants have failed to produce a single responsive document, have failed to appear as ordered for their discovery depositions, and have failed to pay any portion of the monetary sanctions imposed by the Court. In fact, the record fails to indicate that the Manual defendants have complied with any order of the Court directing them to make discovery in this case.

## Analysis

Rule 37(b)(2) provides a number of sanctions that may be imposed on a party if a party fails to obey an order to provide or permit discovery. Included among these sanctions is "rendering a default judgment against the disobedient party." Rule 37(b)(2)(A)(vi).

In determining an appropriate sanction for disobeying a court order requiring discovery, the Sixth Circuit has instructed district courts to consider (1) "whether the parties' failure to cooperate in discovery is due to wilfulness, bad faith, or fault," (2) whether the adversary has been prejudiced, (3) whether the disobedient party "was warned that failure to cooperate could lead to the sanction," and (4) whether less drastic sanctions were first imposed or considered. Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997). "Wilfulness, bad faith or fault" can only be found where the party to be sanctioned had displayed "an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." Schafer v. City of Defiance Police Dept., 529 F.3d 731, 737 (6th Cir. 2008) (internal quotation omitted). The undersigned Magistrate Judge finds that these four factors have been satisfied in this case. First, these defendants' repeated refusals to obey orders requiring them to make discovery permit no reasonable conclusion other than their behavior is due to wilfulness, bad faith or fault. Second, their failure to produce pertinent documents and to give meaningful deposition testimony has materially prejudiced plaintiffs' ability to discover and prove relevant facts relating to the transactions involved in this case.

5

Third, these defendants have been expressly warned in a prior order of the Court that their failure to comply "may subject them to additional sanctions, including but not limited to entry of judgment by default." (Docket Entry No. 278 at 6). Finally, the Court has previously attempted, without success, to secure defendants' compliance by imposition of less drastic monetary sanctions (Docket Entry No. 278).

The Sixth Circuit has further noted that default judgment is the most severe sanction in a district court's arsenal, <u>Grange Mut. Cas. Co. v. Mack</u>, 270 Fed.Appx. 372, 376 (6th Cir. 2008), and that before imposing this "sanction of last resort" the Court must consider whether such sanction appropriately punishes the offending party and sensibly deters similar misconduct by future litigants. <u>Peltz v. Moretti</u>, 292 Fed.Appx. 475, 478 (6th Cir. 2008) (internal quotation omitted). Finally, an entry of default should be avoided unless the record clearly shows continuous delay or "contumacious conduct by the offending party." <u>Am. Book Co. v. Consolidated Group of Companies</u>, 2011 WL 1457686, *4 (E.D. Tenn. Apr. 15, 2011) (internal quotation omitted).

The undersigned Magistrate Judge finds from the entire record that the drastic sanction of judgment by default is warranted in this case. The three individual Manuel defendants have persistently thwarted and obstructed plaintiffs' attempts to gain discovery. As mentioned earlier in this report and recommendation, these defendants have refused to identify themselves at their depositions, declined to take the traditional oath or affirmation to tell the truth in the depositions, and thereafter rendered meaningless and nonsensical testimony.

Although this case has now been filed for over three years, these defendants have failed to produce a single document although ordered at least twice by the Court to do so. They have failed to provide the Court with telephone numbers where they could be reached in order to conduct telephone conferences relating to completion of discovery. The undersigned Magistrate Judge has ordered less drastic monetary sanctions, which they have failed to pay. More recently, these defendants have failed to accept mail from the Clerk's office regarding this case. From all of the foregoing, the undersigned Magistrate Judge finds that the most severe sanction of default judgment appropriately punishes these defendants for their conduct, and would serve to deter similar misconduct by future litigants. Therefore, the undersigned Magistrate Judge **RECOMMENDS** that the sanction of default judgment be entered in this case against the three individual Manuel defendants.

## Damages

It appears from the record that on August 4, 2009, plaintiffs served on defendants Greg Manuel, Mark Manuel and Mike Manuel requests for admission (Docket Entry Nos. 336 - 6, - 8 and - 9). These defendants never served responses or objections to these requests, and therefore the requests are deemed admitted as a matter of law. Rule 36(a)(3), Federal Rules of Civil Procedure.

In addition to admitting the legal conclusions asserted in plaintiffs' complaint, the defendants by failing to respond to plaintiffs' requests for admissions are deemed to have admitted certain pertinent facts. In particular, defendants admit that on January 3, 2007, plaintiffs wired the sum of $200,000 to an account

7

at Wachovia Bank in the name of MRT, LLC, in accordance with wiring instructions provided by defendant Mark Manuel (Request No. 59 in docket Entry Nos. 336 - 6, - 8 and - 9). Defendants further are deemed to have admitted that this transfer of funds was caused by defendants' fraudulent representations used to induce plaintiffs to invest in what amounted to a bogus Ponzi scheme. Following their initial investment in January 2007, plaintiffs spent the next several months engaged in attempts to communicate with the Manuel defendants and various representatives of business entities supposedly involved in this transaction in attempts to secure payments promised by their investment and, eventually, return of their principal. Plaintiffs concede that in September 2007 they received two checks from MRT, LLC, totaling $13,000, supposed to represent a portion of the interest income they had been promised (Docket Entry No. 29-6 at 23). Other than this return of $13,000, it is undisputed that plaintiffs have received neither the return of their $200,000 principal invested nor any further payments of interest promised by defendants.

By their motions, plaintiffs seek default judgment for damages consisting of return of their $200,000 principal invested, interest including prejudgment interest, and a reasonable attorneys' fee and costs (Docket Entry No. 309 at 5).

Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77 l (2) provides that any person who offers or sells a security by means of interstate commerce containing an untrue statement of material fact or an omission to state a material fact shall be liable to the purchaser for "the consideration paid for such security with interest thereon, less the amount of any income

received thereon, upon the tender of such security, or for damages if he no longer owns the security."

Upon consideration of the facts of this case, the undersigned Magistrate Judge finds that a rescissory measure of damages pursuant to Section 12(2) is appropriate. Therefore, the undersigned **RECOMMENDS** that plaintiffs are entitled to judgment in the amount of $200,000 invested less the $13,000 they admit they have received plus interest and a reasonable attorneys' fee. Although plaintiffs in their motion seek interest at the rate promised to them by defendants, "[t]he goal of rescission under Section 12(2) is to return the parties to the status quo *ante*, and hence a plaintiff can recover no more than his or her net economic loss, i.e., actual damages." Austin v. Loftsgaarden, 768 F.2d 949, 954 (8th Cir. 1985) (internal quotation marks omitted). Therefore, the proper rate of interest is the statutory rate and not the rate promised to plaintiffs by defendants.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiffs' motions for judgment by default (Docket Entry Nos. 308 and 309) should be **GRANTED** and that they be awarded judgment against defendants MPIRE Holdings, LLC, The Momentum Group, Mark Manuel, Greg Manuel and Mike Manuel, jointly and severally, in the amount of $187,000 plus interest at the statutory rate from January 3, 2007, a reasonable attorneys' fee and costs.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this

Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

     **ENTERED** this 30th day of August 2011.

                                       <u>s/ John S. Bryant</u>
                                       JOHN S. BRYANT
                                       United States Magistrate Judge