UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY SMITH, et al.,         ) | |
|                              ) | |
|     Plaintiffs,              ) | |
|                              ) | |
|       v.                     ) | NO. 3:08-0549 |
|                              ) | Judge Trauger/Bryant |
| MPIRE HOLDINGS, LLC., et al.,) | **Jury Demand** |
|                              ) | |
|     Defendants.              ) | |

TO: The Honorable Aleta A. Trauger

### **REPORT AND RECOMMENDATION**

As directed by the District Judge (Docket Entry No. 338), the undersigned Magistrate Judge conducted a show cause hearing in this case on August 2, 2012, at which plaintiffs' counsel was directed to appear in person and explain his failure to apply for interest, fees and costs on behalf of these plaintiffs.

Plaintiffs' counsel, Bruce I. Griffey, appeared at this hearing as did plaintiff Deborah Smith (now White).[1] In response to the inquiry of the Court, Mr. Griffey stated that following entry of judgment by default against defendants on September 26, 2011 (Docket Entry No. 357), he recommended to Ms. Smith that no application for fees or costs be filed because he feared that such filing would only prompt a barrage of filings from the defendants that would further delay the conclusion of this case. In addition,

---

[1] In papers filed with the Court (Docket Entry No. 406 at 8), plaintiffs have stated that during the pendency of this action plaintiffs Jerry Smith and Deborah Smith have divorced, and that Jerry Smith has assigned all of his interest in this action to Deborah Smith. Mr. Smith did not appear at the show cause hearing on August 2, 2012.

Mr. Griffey stated that he had accepted this case on a contingency fee basis, calculated upon the amount recovered for the benefit of plaintiffs.  Moreover, Mr. Griffey stated that he had paid the court reporter fees, videographer fees, and investigator fees out of his own pocket, and that he had agreed with Ms. Smith to waive any attempt to recover these costs from Ms. Smith out of any recovery from defendants or otherwise.  Finally, Mr. Griffey stated that he has now filed his motion for leave to withdraw as counsel for plaintiffs (Docket Entry No. 433) because certain "conflicts of interest" have developed between plaintiff Deborah Smith and himself that would render his further representation of plaintiffs inappropriate.  Moreover, Mr. Griffey stated on the record that he has agreed to assist Ms. Smith in obtaining new counsel to represent her in an attempt to collect the judgment entered in this case and that he has agreed to waive and release any claim he may have to a contingent fee recovery in order to assist her in the employing of new counsel.

Plaintiff Deborah Smith also appeared at this show cause hearing, and she was invited to address the Court if she wished. Ms. Smith stated that she had not intended her letter of April 24, 2012, addressed to the District Judge (Docket Entry No. 385) to become part of the record in this case, and that she wrote it out of a sense of "panic" and misunderstanding regarding the issue of fees, costs and interest in this case.  Ms. Smith did agree that it

2

would no longer be appropriate for Mr. Griffey to serve as her lawyer, but she did state her desire to obtain new counsel in order to pursue the execution of her judgment against the defendants.

RECOMMENDATION

From the statements of Mr. Griffey and Ms. Smith at this hearing, including but not limited to Mr. Griffey's statement that he would absorb and pay all fees for court reporters, videographers and investigators and not seek to recover these costs from Ms. Smith, the undersigned Magistrate Judge RECOMMENDS that the judgment previously entered in this case bear interest at the statutory rate, pursuant to 28 U.S.C. § 1961, from the date of entry of the judgment on September 26, 2011, until the judgment is paid. The undersigned Magistrate Judge further RECOMMENDS that no additional fees or costs be awarded.

Finally, for the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that Mr. Griffey's motion for leave to withdraw as counsel for plaintiffs (Docket Entry No. 433) be GRANTED, provided that he shall seek no recovery of his contingent legal fee out of any portion of the judgment that may eventually be recovered against any of the defendants.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said

objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 2nd day of August 2012.

                                      s/ John S. Bryant  
                                      JOHN S. BRYANT  
                                      United States Magistrate Judge